1
2
3
4
5
6         UNITED STATES DISTRICT COURT
7      FOR THE EASTERN DISTRICT OF CALIFORNIA
8

| DONNA J. WOODS, | 1:10-cv-01743 OWW SMS |
|---|---|
| Plaintiff, | ORDER OF TRANSFER |
| v. | |
| FIRST AMERICAN TITLE, INC., DBA COUNTRYWIDE HOME LOANS, DBA BANK OF AMERICA, WELLS FARGO HOME MORTGAGE, CALIFORNIA WESTERN RECONVEYANCE CORPORATION, FREDDIE MAC (FREDDIE HOME LOAN MORTGAGE CORPORATION) and DOES 1-20, | |
| Defendants. | |

   This action concerns real property located at 2511 Winter Street, Kingsburg, California 93631. Plaintiff, Donna J. Woods, filed a Complaint on August 31, 2010, in Los Angeles County Superior Court, alleging fifteen causes of action pertaining to the mortgage encumbering the subject property. On September 23, 2010, Defendant Freddie Mac (Freddie Home Loan Mortgage Corporation) ("Freddie Mac") removed the case from state court directly to this district, in contravention of 28 U.S.C. § 1441(a).

1

Under 28 U.S.C. § 1441(a), an action "may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Here, Plaintiff filed the Complaint in Los Angeles County Superior Court. The United States district court for the district and division embracing Los Angeles County is the Central District of California – Western Division. 28 U.S.C. § 84. This court is in the Eastern District of California – Fresno Division. *Id.*

Parties may file a motion to remand on the basis of any defect other than lack of subject matter jurisdiction within thirty days after a notice of removal is filed. 28 U.S.C. § 1447(c). Similarly, the courts can only *sua sponte* remand a case for procedural defects within thirty days after the filing of the notice of removal. *Maniar v. F.D.I.C.*, 979 F.2d 782, 786 (9th Cir. 1992).

The Ninth Circuit has not opined whether removing an action from state court to the incorrect federal district court is a procedural or jurisdictional issue. In *Peterson v. BMI Refractories,* 124 F.3d 1386 (11th Cir. 1997), the Eleventh Circuit reviewed a Supreme Court case, *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 73 S.Ct. 900 (1953), and held that "the Supreme Court made plain in *Polizzi* that the geographic component of § 1441(a) is a venue provision . . . [and] that failure to comply

1  with those venue requirements does not deprive the district court
2  of subject matter jurisdiction, because 28 U.S.C. § 1406 permits
3  parties to waive venue problems." *Peterson*, 124 F.3d at 1392. The
4  Eleventh Circuit's reasoning is persuasive. Because Freddie Mac
5  filed a notice of removal from state court to federal court on
6  September 23, 2010, the thirty-day objection period in 28 U.S.C.
7  § 1447(c) for procedural defects in removal has expired.

Although remand is improper, the case may be transferred to the correct district court. Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Courts may raise the issue of defective venue *sua sponte*. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986).

This case is hereby TRANSFERRED to the Central District of California – Western Division.

SO ORDERED
February 9, 2011

                                       /s/ Oliver W. Wanger
                                          Oliver W. Wanger
                                    United States District Judge